# UNITED STATES DISTRICT COURT FOR

# THE EASTERN DISTRICT OF TENNESSEE

# NORTHEASTERN DIVISION AT GREENEVILLE

| | |
|---|---|
| Plaintiff N.P., a minor by and through her duly appointed guardian, TRACY ARNOLD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AARON'S, LLC; and DOES 1 to 25,<br><br>Defendants. | Case No.<br><br>**NATIONWIDE**<br><br>**CLASS ACTION COMPLAINT** |

## NATIONWIDE CLASS ACTION COMPLAINT

COMES NOW, Plaintiff N.P., a minor by and through her duly appointed guardian, TRACY ARNOLD ("Plaintiff"), on behalf of herself and all others similarly situated, and asserts as follows:

## INTRODUCTION

1.      Plaintiff, a person with a mobility disability who use a wheelchair for mobility, brings this action individually and on behalf of all others similarly situated against Defendants, asserting violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and its implementing regulations.  Defendants AARON'S, LLC; and DOES 1 to 25 (collectively, "Defendants") collectively own, lease, and/or operate at least one-thousand two-hundred and ninety-two (1,292) Aaron's stores across forty-seven (47) states, including forty-six (46) stores in Tennessee.  Plaintiff's claims arise from own her experience with excessive sloping conditions in purportedly accessible parking spaces, access aisles, and curb ramps ("Parking Area"

or "Parking Areas") at places of public accommodation owned, operated, controlled, and/or leased by Defendants ("Defendants' facilities"), and from site investigations at fifty-five (55) of Defendants' facilities, across multiple states, also finding excessive sloping conditions.

2. Plaintiff asserts that these excessive sloping conditions persist in part as a result of Defendants' existing but inadequate internal maintenance procedure, which fails to ensure compliance with the sloping requirements of the ADA's implementing regulations. *See* 28 C.F.R. §§ 36.101 *et seq*.

3. The ADA expressly authorizes the injunctive relief aimed at modification of **existing** policies, practices, or procedures that Plaintiff seeks in this action. In relevant part, the ADA states:

> In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities. … Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy…

42 U.S.C. § 12188(a)(2).

4. Based on the extensive factual investigation performed by Plaintiff's investigators, Plaintiff believes and therefore asserts that numerous additional facilities owned, controlled, and/or operated by Defendants have Parking Areas that are, or have become, inaccessible to individuals who rely on wheelchairs for mobility due to excessive sloping, demonstrating that the Defendants' existing internal maintenance procedure (discussed at ¶¶ 19-22 below) is inadequate and must be modified. 42 U.S.C. § 12188(a)(2).

5. Plaintiff brings this action individually and on behalf of all other similarly situated wheelchair users to compel Defendants to (i) remediate all access barriers within in the Parking Areas of their facilities, and (ii) modify its existing policies to ensure that its facilities comply with the ADA implementing regulations' excessive sloping requirements. 28 C.F.R. §§ 36.101 *et seq*.

6. Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks prospective injunctive relief requiring that:

    a. Defendants remediate excessive sloping within the Parking Areas at Defendants' facilities, consistent with the ADA's implementing regulations;

    b. Defendants modify its existing maintenance policy to ensure that the excessive sloping conditions within the Parking Areas at Defendants' facilities do not reoccur; and

    c. Plaintiff's representatives shall monitor Defendants' facilities to ensure that the injunctive relief ordered pursuant to Paragraph 6.a. and 6.b. has been implemented and will remain in place.

7. Plaintiff's claims for prospective injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiff seeks prospective injunctive relief for her or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . .. Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## PARTIES

8. Plaintiff N.P. is, and at all times relevant hereto was, a resident of Johnson City, Tennessee. Tracy Arnold is the legal adoptive mother of Plaintiff N.P. Plaintiff is a person with a mobility disability. Plaintiff was diagnosed with a traumatic brain injury as a result of abuse from her biological mother when she was an infant. This forces Plaintiff to use a wheelchair. Plaintiff has used a wheelchair for mobility since the time of her injuries. Despite her injuries, and with the

encouragement of her family and extensive therapies, Plaintiff is growing to be a strong and independent child. It is important for her to be as independent as possible.

9.    Plaintiff is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq*.

10.    Defendant Aaron's, LLC is, and at all relevant times was a Georgia Limited Liability Company, doing business in the state of Tennessee as the owner, lessee, and/or operator of dozens of Aaron's stores in this state. Defendant's principal place of business is located at 400 Galleria Parkway SE, Suite 300, Atlanta, Georgia 30339. Defendant operates a lease to own business which offers furniture, electronics, and appliances to consumers pursuant to lease to own agreements. Aaron's operates these lease-to-own stores throughout the United States, including the locations referenced in paragraph 22 below. On information and belief Aaron operates over 1,200 locations within the Unites States, including approximately 46 locations within this District.

11.    The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1 through 25, are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to assert their true names and capacities when known. Plaintiff is informed and believe and thereon allege that each of the fictitiously-named Defendants is responsible in some manner for the occurrences alleged in this Complaint.

12.    Plaintiff asserts that Defendants, including DOE Defendants, and each of them at all times mentioned in this Complaint were the alter egos, affiliates, agents and/or employees and/or employers of their Co-Defendants, under shared management, ownership, and common control of each other, and part of a single Limited Liability Company, and in doing the things alleged in this Complaint were acting within the course of such agency, affiliation, shared management, ownership, control, and/or employment and with the permission and consent of their

Co-Defendants.

13.    Plaintiff is further informed and believes, and based thereon alleges that Defendants collectively own, lease, and/or operate at least one-thousand two-hundred and ninety-two (1,292) Aaron's stores across forty-seven (47) states, including forty-six (46) stores in Tennessee, as described herein.

14.    Defendants' facilities are places of public accommodation as defined in 42 U.S.C. §12181(7) and are therefore subject to the requirements of the ADA.

## FACTUAL ASSERTIONS

### Plaintiff Has Been Denied Full and Equal Access to Defendants' Facilities

15.    Plaintiff visited Defendants' facilities located at 2123 North Roan Street, Johnson City, Tennessee, 37601, on July 27, 2021, where she experienced unnecessary difficulty and risk of physical harm exiting and entering her vehicle, and navigating the facilities, such that extra care was needed to avoid falling and to safely traverse the area, due to excessive slopes in the purportedly accessible Parking Areas as set forth in more detail below. Plaintiff further was unable to access the purportedly accessible parking space due to Defendants' lorry occupying the space.

16.    Despite this difficulty and risk, Plaintiff plans to return to Defendants' facilities. Plaintiff regularly visits Aaron's to browse the furniture options. On her July 27, 2021 visit, Plaintiff was attempting to purchase a faux leather couch. Plaintiff regularly travels to the area as the store is on the route to and from school. Furthermore, Plaintiff intends to return to Defendants' facility to ascertain whether it remains in violation of the ADA.

17.    As a result of Defendants' non-compliance with the ADA, Plaintiff's ability to access and safely use Defendants' facilities has been significantly impeded and Plaintiff will be

deterred from returning to and fully and safely accessing Defendants' facilities due to the discrimination she has previously encountered there.

**Defendants Repeatedly Deny Individuals with Disabilities Full and Equal Access to Defendants' Facilities**

18.     As the owner and/or operator of their facilities, Defendants employ centralized policies, practices, or procedures with regard to the alteration, maintenance, and operation of their facilities.

19.     Plaintiff is informed and believes, and based thereon alleges that, as both an owner of its stores, and as a franchisor or others, Defendant requires each facility to follow all of the agreement's instructions, requirements, standards, specifications, and procedures at each of their locations, including those setting management, administration, and maintenance policies, practices, and procedures related to exterior maintenance. This includes "[a]ll construction must be conducted in accordance with applicable law, including without limitation the Americans With Disabilities Act, and Franchisee shall be responsible for ensuring such compliance."

20.     Plaintiff is informed and believes, and based thereon alleges that, as both an owner of its stores, and as a franchisor or others, Defendant utilizes a "Confidential Operating Manual" (the "Manual") that details the required maintenance for the facilities. Plaintiff is further informed and therefore believes that the Aaron's, as Franchisor, maintains responsibility for the leased premises.

21.     Defendants' centralized maintenance and operational policies, practices, or procedures have systematically and routinely resulted in excessive sloping conditions in the Parking Areas of Defendants' facilities, in violation of the ADA and its implementing regulations.

6

22.     On Plaintiff's behalf, investigators examined multiple locations that Plaintiff is informed and believes are owned, controlled, and/or operated by Defendants, and found the following violations which are illustrative of the fact the Defendants' existing policies, practices, or procedures, are discriminatory, unreasonable, inadequate, and routinely result in excessive sloping conditions in the parking spaces, accessible routes and curb ramps:

a.     2123 N. Roan Street, Johnson City, Tennessee, 37601

      i.     The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%;

      ii.     The purportedly accessible curb ramp projected into an access aisle;

      iii.     No accessible parking signs provided.

b.     1119 Hunters Xing, Alcoa, Tennessee, 37701

      i.     The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%[1];

      ii.     No accessible parking signs provided.

c.     803 S. James Campbell Boulevard, Columbia, Tennessee, 38401

      i.     The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%;

      ii.     The purportedly accessible curb ramp projected into an access aisle[2].

d.     1028 Gallatin Pike S., Madison, Tennessee, 37115

      i.     The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%. The spaces contained no access aisles;

      ii.     The purportedly accessible curb ramp projected into an access aisle;

---

[1] Pursuant to the ADAAG 2010 Standards, parking spaces or access aisles may not have slopes steeper than 1:48, i.e., 2.1%. *See,* 36 C.F.R. part 1191, § 502.4. The 2010 Standards continued the 1991 Standards without change. *See,* Appendix D to 28 C.F.R. Part 36, § 4.6.3.

[2] Pursuant to the 2010 Standards, curb ramps cannot project into parking spaces or access aisles. *See,* 36 C.F.R. part 1191, § 406.5. The 2010 Standards continued the 1991 Standards without change. *See,* Appendix D to 28 C.F.R. Part 36, § 4.7.6, §4.7.8.

iii.   No accessible parking signs provided;

iv.   The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%[3].

e.    5815 Charlotte Pike, Nashville, Tennessee, 37209

i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%. The spaces contained no access aisles;

ii.   The purportedly accessible curb ramp projected into an access aisle;

iii.   No accessible parking signs provided;

iv.   The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

f.    1824 E. Stone Dr., Kingsport, Tennessee, 37660

i.   The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%;

ii.   The purportedly accessible curb ramp projected into an access aisle.

g.    1706 Hillsboro Boulevard, Manchester, Tennessee, 37355

i.   The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%;

ii.   The purportedly accessible curb ramp projected into an access aisle;

iii.   No accessible parking signs provided.

h.    2645 W. Andrew Johnson Highway, Morristown, Tennessee, 37814

i.   The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%.

i.    628 Cosby Highway, Newport, Tennessee, 37821

i.   The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%.

---

[3] The 2010 Standards at §§ 405.2 and 406.1 set the maximum threshold for ramp running slopes at not steeper than 1:12, i.e., 8.3%, and limit curb ramp flares to not steeper than 1:10, i.e., 10%. The 2010 Standards continued the 1991 Standards without change. *See,* Appendix D to 28 C.F.R. Part 36, § 4.7.5, §4.8.2.

j.      403 Mulberry Avenue, Selmer, Tennessee, 38375

      i.   The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%.

k.      295 N. Lowry Street, Smyrna, Tennessee, 37167

      i.   The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%.

l.      1976 Main Street, Crossville, Tennessee, 38555

      i.   The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%;

      ii.   No accessible parking signs provided.

m.      4481 Lebanon Pike, Hermitage, Tennessee, 37076

      i.   The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%.

n.      721 E. Broadway Boulevard, Jefferson City, Tennessee, 37760

      i.   The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%;

      ii.   No accessible parking signs provided.

o.      2605 N. Broadway Street, Knoxville, Tennessee, 37917

      i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%. The spaces contained no access aisles;

      ii.   No accessible parking signs provided.

p.      921 Highway 321 N., Lenoir City, Tennessee, 37771

      i.   The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%;

      ii.   The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

q.      1504 Cumberland Falls Highway, Corbin, Kentucky, 40701

      i.   The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%.

r.  2627 Fort Campbell Boulevard, Hopkinsville, Kentucky, 42240

    i.  The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had  slopes exceeding 2.1%;

    ii.  The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

s.  300 US 25 East Middlesboro, Kentucky, 40965

    i.  The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had  slopes exceeding 2.1%;

    ii.  No accessible parking signs provided.

t.  3101 Irvin Cobb Drive, Paducah, Kentucky, 42003

    i.  The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had  slopes exceeding 2.1%;

    ii.  No accessible parking signs provided.

u.  437 Professional Drive, Richmond, Kentucky, 40475

    i.  The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%. The spaces contained no access aisles;

    ii.  The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

v.  3155 Dixie Highway, Erlanger, Kentucky, 41018

    i.  The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had  slopes exceeding 2.1%;

    ii.  No accessible parking signs provided.

w.  378 N L Rogers Wells Boulevard, Glasgow, Kentucky, 42141

    i.  The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%. The spaces contained no access aisles.

x.  1801 Alexandria Drive, Lexington, Kentucky, 40504

    i.    The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%;

    ii.    No accessible parking signs provided;

    iii.    The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

y.  1105 Paris Road, Mayfield, Kentucky, 42066

    i.    The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%. The spaces contained no access aisles;

    ii.    The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

z.  863 N Main Street, Nicholasville, Kentucky, 40356

    i.    The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%;

    ii.    The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%;

    iii.    No accessible parking signs provided.

aa. 351 Gallatin Road, Scottsville, Kentucky, 42164

    i.    The parking surface of one or more purportedly accessible parking spaces and access aisles within the Parking Area had slopes exceeding 2.1%;

    ii.    No accessible parking signs provided;

    iii.    The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

bb. 1404 Hustonville Road, Danville, Kentucky, 40422

    i.    The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%.

    ii.    The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

cc. 1112 Camargo Road, Mt Sterling, Kentucky, 40353

   i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%.

dd. 1155 S Highway 27, Somerset, Kentucky, 42501

   i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%;

   ii.  No accessible parking signs provided;

   iii. The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

ee. 206 East Rudisill Boulevard, Fort Wayne, Indiana, 46806

   i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%.

ff. 5410 Coldwater Road, Fort Wayne, Indiana, 46805

   i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%.

gg. 1017 West 7th Street, Auburn, Indiana, 46706

   i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%. The spaces contained no access aisles;

   ii.  The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

hh. 457 East North Street, Kendallville, Indiana, 46755

   i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%. The spaces contained no access aisles;

   ii.  No accessible parking signs provided;

   iii. The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

12

ii.   63 Pine Lake Drive, La Porte, Indiana, 46350

    i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

    ii.   No accessible parking signs provided.

jj.   2004 Calumet Avenue, Valparaiso, Indiana, 46383

    i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

    ii.   No accessible parking signs provided;

    iii.   The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

kk.   2053 North Detroit Street, Warsaw, Indiana, 46580

    i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

    ii.   No accessible parking signs provided;

    iii.   The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

ll.   1900 North Jefferson Street, Huntington, Indiana, 46750

    i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%. The spaces contained no access aisles.

mm.   4407 Lafayette Road, Indianapolis, Indiana,  46254

    i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

    ii.   No accessible parking signs provided.

nn.   15 South Creasy Lane, Lafayette, Indiana, 47905

    i.   The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

ii. The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

oo. 2675 North National Road, Columbus, Indiana, 47201

    i. The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

    ii. The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

pp. 3109 North Newton Street, Jasper, Indiana, 47546

    i. The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

    ii. No accessible parking signs provided.

qq. 714 West Springfield Road, Taylorville, Illinois, 62568

    i. The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

rr. 875 East Pershing Road, Decatur, Illinois, 62526

    i. The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

    ii. No accessible parking signs provided.

ss. 841 Broadmeadow Road, Rantoul, Illinois, 61866

    i. The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

tt. 2004 Knoxville Avenue, Peoria, Illinois, 61603

    i. The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

    ii. No accessible parking signs provided.

uu. 1379 North Henderson Street, Galesburg, Illinois, 61401

i. The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%. The spaces contained no access aisles;

ii. No accessible parking signs provided;

iii. The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

vv. 3615 Avenue of the Cities, Moline, Illinois, 61265

i. The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%. The spaces contained no access aisles;

ii. No accessible parking signs provided;

iii. The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

ww. 2113 Court Street, Pekin, Illinois, 61554

i. The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%;

xx. 1727 West Morton Avenue, Jacksonville, Illinois, 62650

i. The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%;

ii. The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

yy. 2035 West Highway 50 Fairview Heights, Illinois, 62269

i. The parking surface of one or more purportedly accessible parking spaces within the Parking Area had slopes exceeding 2.1%;

ii. The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

zz. 60 Nieman Lane Murphysboro, Illinois, 62966

       i.     The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

      ii.    No accessible parking signs provided.

aaa.      1308 West Deyoung Street, Marion, Illinois, 62959

       i.     The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

      ii.    No accessible parking signs provided.

bbb.      2286 Gateway Center Drive, Belvidere, Illinois, 61008

       i.     The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%;

      ii.    No accessible parking signs provided;

     iii.    The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

ccc.      5707 North 2nd Street, Loves Park, Illinois, 61111

       i.     The parking surface of one or more purportedly accessible parking spaces within the Parking Area had  slopes exceeding 2.1%. The spaces contained no access aisles;

      ii.    No accessible parking signs provided;

     iii.    The purportedly accessible curb ramp located on the route to the building entrance had a running slope exceeding 8.33%.

23.     As evidenced by the widespread excessive sloping conditions present in the Parking Areas of Defendants' facilities, absent a change in Defendants' existing procedure, excessive sloping conditions will continue to reoccur in Defendants' facilities even after they have been remediated.

24.     Defendants' current policy and existing procedure has proven ineffective and has led to discriminatory conditions at Defendants' facilities. Without modification to its existing policies and procedures, the discriminatory conditions are likely to reoccur. Modification of these

policies will lead to both the maintenance of ADA compliant accessibility features at Defendants' facilities, and remediation of architectural barriers that impede full access to those accommodations by individuals with mobility-related disabilities.

## JURISDICTION AND VENUE

25.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

26.    Plaintiff's claims asserted herein arose in this judicial district, and Defendants do substantial business in this judicial district.

27.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## CLASS ASSERTIONS

28.    Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) on behalf of herself and the following nationwide class:

> All wheelchair users with qualified mobility disabilities who were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any AARON'S, LLC, and DOES 1 through 25 location in the United States on the basis of disability because such persons encountered accessibility barriers due to Defendants' failure to comply with the ADA's slope regulations within the purportedly accessible Parking Areas of its facilities.

29.    <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court and will facilitate judicial economy.

30.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

31.    Common Questions of Fact and Law:    There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make their facilities fully accessible and independently usable as above described.

32.    Adequacy of Representation:    Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class, and she has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

33.    Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## SUBSTANTIVE VIOLATION

## VIOLATION OF THE ADA, TITLE III

## [42 U.S.C. §§ 12101, *et seq.*]

### (Against all Defendants)

34.    Plaintiff restates each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

35.    At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of mobility. Accordingly, she is an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2).

18

36.     Defendants own, lease, and/or operate stores that are places of public accommodation as defined under Title III of the ADA. 42 U.S.C. § 12181(7)(F).

37.     Plaintiff is informed and believes, and based thereon asserts that Defendants' facilities were altered, designed, or constructed after the effective date of the ADA.

38.     The ADA and Defendant's standards require the accessible features of Defendants' facilities, which include Parking Areas of its facilities, to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities.

39.     The architectural barriers described above demonstrate that Defendants' facilities were not constructed or altered in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs in the first instance, and/or that Defendants' facilities were not maintained or operated so as to ensure that they remained accessible to and usable by individuals who use wheelchairs.

40.     Furthermore, the architectural barriers described above demonstrate that Defendants have failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

41.     Defendants' repeated and systemic failures to remove architectural barriers, to maintain the accessible features of their facilities, and/or modify its existing procedures to ensure compliance with the sloping requirements of the ADA's implementing regulations once constructed, constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

42.     Defendants' conduct is ongoing and continuous, and Plaintiff has been harmed by Defendants' conduct.

43.     Unless Defendants are restrained from continuing its ongoing and continuous course of conduct, Defendants will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the class.

44.     Given that Defendants have not complied with the ADA's requirements to make Defendants' facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes her statutory rights to declaratory and prospective injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR DECLARATORY JUDGMENT AND PROSPECTIVE INJUNCTIVE RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, prays for:

a.     A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants' facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that (i) directs Defendants to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use wheelchairs; (ii)  directs Defendants to modify its existing procedures to prevent the reoccurrence of excessive sloping conditions in the Parking Areas of its facilities post-remediation; and (iii) directs that Plaintiff shall monitor Defendants' facilities to ensure that the injunctive relief ordered above remains in place.

c.     An Order certifying the class proposed by Plaintiff, naming Plaintiff as class representative, and appointing her counsel as class counsel;

d.     Payment of costs of suit;

e.     Payment of reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

f.     The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated:  March 4, 2022                                 Respectfully Submitted,

                                                      *s/Paul Kent Bramlett*
                                                      Paul Kent Bramlett #7387
                                                      Robert Preston Bramlett #25895
                                                      **BRAMLETT LAW OFFICES**
                                                      P. O. Box 150734
                                                      Nashville, TN 37215-0734
                                                      Telephone:     615.248.2828
                                                      PKNASHLAW@aol.com
                                                      Robert@BramlettLawOffices.com

                                                      Jonathan Miller
                                                      Jordan T. Porter
                                                      **NYE, STIRLING, HALE
                                                      & MILLER, LLP**
                                                      33 West Mission Street, Suite 201
                                                      Santa Barbara, CA 93101
                                                      Phone: 805-963-2345
                                                      jonathan@nshmlaw.com
                                                      jordan@nshmlaw.com

                                                      Benjamin J. Sweet
                                                      **NYE, STIRLING, HALE
                                                      & MILLER, LLP**
                                                      1145 Bower Hill Road, Suite 104
                                                      Pittsburgh, PA 15243
                                                      Phone: 412-857-5352
                                                      ben@nshmlaw.com

                                                      *Attorneys for Plaintiff and the Class*